UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
KARENLISA DEPANFILIS,

                Plaintiff,

-against-

BEACON SPEECH-LANGUAGE PATHOLOGY,
PHYSICAL AND OCCUPATIONAL THERAPY
AND PSYCHOLOGY SERVICES, PLLC, d/b/a
BEACON THERAPY SERVICES, PLLC, NEW
YORK BEACON, INC.,

                Defendants.
-----------------------------------------------------------

Civil Action No.:

**COMPLAINT**



Plaintiff KARENLISA DEPANFILIS, by and through her attorneys Frank & Associates, P.C., alleges as follows:

### NATURE OF CLAIMS

1. This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"), the New York State Human Rights Law, §296 *et seq.* ("Human Rights Law") and the Administrative Code of the City of New York, §8-107 *et seq.* ("Administrative Code") to remedy discrimination on the basis of disability or perceived disability in the terms and conditions of employment.

2. Plaintiff seeks injunctive and declaratory relief, damages and other appropriate legal and equitable relief pursuant to the ADA.

3. This action is also brought under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. §201 et seq., ("FLSA") and the New York Labor Law Article 19, §650 et seq. ("New York Labor Law"), and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142, to recover unpaid overtime wages.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims under the ADA, Human Rights Law and New York Labor Law pursuant to 42 U.S.C. § 12101 *et seq.*, 8 U.S.C. §§ 1331 and 1337 and 29 U.S.C § 1367.

5. The Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

6. Venue is proper within this District pursuant to 28 U.S.C. §1391 because the unlawful acts complained of herein occurred or originated within the Eastern District of New York.

## PARTIES

7. Plaintiff resides at 286 Bay 22nd Street, Brooklyn, New York 11214.

8. Plaintiff is, and has been, at all times relevant herein, an "employee" within the meaning of 42 U.S.C. § 12111(4) and a "person" within the meaning of Section 292(1) of the Human Rights Law.

9. At all times relevant to the Complaint, Plaintiff was a "qualified individual with a disability" within the meaning of 42 U.S.C § 12111(8) and has suffered from a "disability" within the meaning of Section 292(21) of the Human Rights Law.

10. Defendant is a domestic non-profit agency, organized and existing under the laws of the State of New York, and is doing business at 1441 Old Northern Boulevard, Roslyn, New York.

11. Defendant is a rehabilitation agency that provides services for individuals with disabilities.

12. Defendant is engaged in an industry affecting commerce that has fifteen or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year, and is an employer within the meaning of the ADA and the Human Rights Law.

### FACTUAL ALLEGATIONS

13. Plaintiff suffers from bilateral severe to profound hearing loss and is legally deaf in her left ear.

14. Plaintiff also suffers from vertigo and Crohn's disease.

15. As a result of Plaintiff's disability, she tends to speak more loudly than non-disabled individuals.

16. Defendants made a written offer of employment to Plaintiff, dated September 21, 2009. Pursuant to the terms of the written offer, Plaintiff's compensation was to include health insurance benefits upon completion of a three month probationary period.

17. Plaintiff began working for Beacon on or about September 21, 2009 as a full-time Certified Rehabilitation Counselor.

18. Defendant assigned Plaintiff to provide clinical service at various sites located in the five boroughs of New York City, including but not limited to, a facility located at 2214 Stillwell Avenue in Brooklyn, New York, and to provide administrative support in Defendant's office located at 1441 Old Northern Boulevard, Roslyn, New York 11576.

19. At all times relevant, Plaintiff was a non-exempt employee entitled to overtime compensation at a rate of one and one-half times her regular hourly rate of pay for all hours worked in excess of forty (40) hours per week.

20. Throughout the course of her employment with Defendant, Plaintiff regularly worked in excess of forty (40) hours each week, but was not paid overtime at a rate of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) each week.

21. Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability with respect to the terms and conditions of Plaintiff's employment.

22. Defendant paid Plaintiff substantially less than similarly situated, non-disabled individuals who performed substantially the same work as Plaintiff.

23. Defendant failed and/or refused to provide Plaintiff with health benefits on the same basis as similarly situated, non-disabled individuals who performed substantially the same work as Plaintiff.

24. Defendant refused and/or failed to provide Plaintiff with health benefits upon the completion of Plaintiff's probationary period in December 2009 as Defendant had promised. For example, Defendant provided health benefits to similarly situated, non-disabled employees upon completion of the employee's three month probationary period.

25. Defendant's management personnel discriminated against Plaintiff on the basis of her disability and/or perceived disability by disciplining Plaintiff for purportedly speaking in a loud voice.

26. In or about March 2010, Plaintiff advised her direct supervisor Heather Horstmann and Defendant's principal owner Elisa Thielen that her hearing impairment had become more severe and that she was frequently suffering vertigo.

27. In or about March 2010, Plaintiff complained to human resources representative Helen Pastoressa about Defendant's refusal and/or failure to provide her health benefits on the same basis as similarly situated, non-disabled employees.

28. In or about May 2010, Plaintiff complained to Pastoressa and Theilen about Defendant's refusal and/or failure to provide her health benefits on the same basis as similarly situated, non-disabled employees.

29. On January 7, 2011, Theilen discriminated against Plaintiff on the basis of her disability and/or perceived disability by reprimanding Plaintiff for purportedly speaking in a loud voice.

30. This incident caused Plaintiff to experience extreme anxiety and distress, which aggravated Plaintiff's symptoms of Crohn's disease and required Plaintiff to leave work early.

31. The following day, Defendant discriminated against Plaintiff on the basis of her disability and/or perceived disability by drastically reducing Plaintiff's work schedule from five days per week to three days per week.

32. On or about March 11, 2011, Plaintiff was summoned to a meeting with Horstmann, Theilen and an unidentified male, who Plaintiff later learned was Defendant's attorney.

33. Defendant summarily terminated Plaintiff's employment at the meeting and told Plaintiff that she was being let go because her position was being "*eliminated.*" Theilen stated, "*the benefits issue is now resolved*" and "*now you can collect unemployment.*"

34. Shortly thereafter, Defendant hired a non-disabled individual to replace Plaintiff.

35. Defendant's dismissal of Plaintiff was motivated at least in part by Plaintiff's disability and/or perceived disability in violation of the ADA and Human Rights Law.

### FIRST CLAIM FOR RELIEF
(Americans with Disabilities Act - Disability Discrimination)

36. Plaintiff repeats and realleges each and every allegation contained herein.

37. Defendant unlawfully discriminated against Plaintiff on the basis of her disability

and/or perceived disability in violation of the ADA.

38. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer, substantial loss of past and future earnings, deferred compensation, bonuses and other employment benefits.

39. As a further and proximate result of Defendant's actions, Plaintiff suffered and continues to suffer severe and lasting embarrassment, humiliation, mental and physical anguish and other incidental and consequential damages and expenses

40. The conduct of the Defendant was outrageous and done in conscious disregard of Plaintiff's rights.

41. Plaintiff is entitled to equitable and injunctive relief, an award of compensatory damages, punitive damages, expenses and attorneys' fees in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(Human Rights Law-Disability Discrimination)

42. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

43. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability and/or perceived disability, in violation of the Human Rights Law.

44. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damages, emotional distress and other compensable damages.

### THIRD CLAIM FOR RELIEF
(Administrative Code-Disability Discrimination)

45. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

46. By the acts and practices described above, Defendants discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability and/or perceived disability, in violation of the Administrative Code.

47. Defendants acted intentionally and with malice and/or reckless indifference to Plaintiff's statutory rights.

48. As a result of Defendants' discriminatory acts, Plaintiff has suffered and will continue to suffer monetary damage, emotional distress, and other compensable damages.

49. Plaintiff is entitled to punitive damages, reasonable attorneys' fees and the costs and disbursements of this action.

### FOURTH CLAIM FOR RELIEF
(New York Labor Law §198)

50. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

51. Defendants made an express and/or implied promise to provide Plaintiff with health insurance benefits upon completion of a three month probationary period.

52. Defendants breached their obligation by failing to provide Plaintiff with health insurance benefits upon completion of Plaintiff's three month probationary period.

53. As result, Plaintiff is entitled to the value of the benefits promised by Defendant, plus reasonable attorneys' fees and the costs and disbursements of this action.

### FIFTH CLAIM FOR RELIEF
(Breach of Contract - Health Insurance Benefits)

54. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

55. Defendants made an express and/or implied promise to provide Plaintiff with

health insurance benefits upon completion of a three month probationary period.

56. Defendants breached their obligation by failing to provide Plaintiff with health insurance benefits upon completion of Plaintiff's three month probationary period.

57. As a result of Defendants' breach, Plaintiff paid approximately $650.00 per month for COBRA Health Insurance coverage after her three month probationary period expired.

58. As result, Plaintiff is entitled to the total value of the COBRA Health Insurance coverage Plaintiff paid during the time period in question.

### DEMAND FOR JURY TRIAL

59. Plaintiff repeats and realleges each of the preceding paragraphs as if fully set forth herein.

60. Plaintiff demands a trial by jury.

**WHEREFORE**, as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff demands judgment as follows:

a. Declaring Defendants violated the aforementioned statutes;

b. As to the First Cause of Action, Defendant pays Plaintiff compensatory and punitive damages, where applicable, in an amount to be determined at trial;

c. Plaintiff be made whole in the form of back pay and front pay, and afforded all benefits that would have been afforded Plaintiff but for Defendant's unlawful acts;

d. As to the Third Cause of Action, injunctive relief, an award of punitive damages, and compensatory damages;

e. an award of Plaintiff's cost of this suit, including reasonable attorney's fees;

f. Defendant is ordered to pay Plaintiff pre and post judgment interest; and

g. Such other and further relief as this Court deems just and proper.

Dated: Farmingdale, New York
      July 12, 2012

                                      **FRANK & ASSOCIATES, P.C.**
                                      *Attorneys for Plaintiff*

By: _____
                Peter A. Romero, Esq. (PR 1658)
                500 Bi-County Blvd., Suite 112N
                Farmingdale, New York 11735
                (631) 756-0400
                promero@laborlaws.com